NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4706
_____

UNITED STATES OF AMERICA

v.

NATHANIEL WILLIAMS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00070-002)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: September 30, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Nathaniel Williams was convicted and sentenced to 168 months' imprisonment for

robbery and conspiracy to commit robbery, both in violation of 18 U.S.C. § 1951, and use

of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  On appeal,

Williams argues that the District Court erred in denying his motion to suppress

eyewitness identification testimony because the identification procedures were unnecessarily suggestive and in denying his motion for a new trial. For the following reasons, we will affirm the District Court.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Four men entered a jewelry store in Philadelphia, Pennsylvania in June of 2009. Two of them were armed with handguns and targeted the security guards. The other two smashed a display case and removed several watches valued at $208,500. The four then fled the scene. The Philadelphia police interviewed several witnesses, including Rosalie Fittery, a salesperson; Norman Miller, one of the security guards on duty; and David Keen, a CVS security guard that noticed the men as they fled the scene.

A grand jury in the United States District Court for the Eastern District of Pennsylvania returned an indictment, charging Williams with robbery and conspiracy to commit robbery, both in violation of 18 U.S.C. § 1951, and carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Williams filed a pre-trial motion to suppress out-of-court eyewitness identifications and preclude in-court eyewitness identifications. The District Court denied the motion. At trial, the government introduced out-of-court and in-court identifications made by Fittery, Miller,

and Keen. Fittery and Keen identified Williams in a photo array after the incident, and Miller identified Williams in a pretrial lineup. The government also presented testimony from Daniel Barker, who stated that he talked to Williams about the robbery and that Williams admitted to committing the crime. Evidence was also presented of conversations between Williams and his girlfriend, in which Williams stated that he would lose this case if he was pointed out on the video from a surveillance camera. A jury convicted Williams on all counts. Williams subsequently filed a motion for judgment of acquittal or a new trial. The District Court denied the motion and sentenced Williams to 168 months' imprisonment. Williams filed a timely appeal.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision to admit identification testimony over an objection, *United States v. Mathis*, 264 F.3d 321, 326-27 (3d Cir. 2001), and the District Court's denial of a motion for a new trial for abuse of discretion. *Hook v. Ernst & Young*, 28 F.3d 366, 370 (3d Cir. 1994).

## III.

Williams advances two arguments. First, he argues that the District Court erred in denying his motion to suppress the in-court and out-of-court identifications because the identification procedures were unnecessarily suggestive. We apply the standard of "fairness as required by the Due Process Clause of the Fourteenth Amendment." *Manson*

3

*v. Brathwaite*, 432 U.S. 98, 113 (1977). Admission of identification statements is permitted unless the identification procedure is "(1) unnecessarily suggestive and (2) creates a substantial risk of misidentification." *United States v. Brownlee*, 454 F.3d 131, 137 (3d Cir. 2006) (citing *Manson*, 432 U.S. at 107).

Williams claims that the photo array was unnecessarily suggestive because the background color of his photograph, the clothes he was wearing, and his skin color all differed from the seven other photographs in the array. This, Williams argues, created a substantial risk of misidentification by the witnesses. We disagree.

The District Court correctly noted: that the array of photographs included "3 or 4 different backgrounds"; that there was a variety in the ages of the individuals; and that "people [had] different kinds of garb on." (App. II at 46.) The District Court stated that "Mr. Williams does appear to be darker skinned than most people." (*Id.*) "But there's different shades of skin color, and . . . the gentleman, [in] the bottom row, with the earrings, he does appear to be . . . close to Mr. Williams' [sic] skin color." (*Id.*) The District Court concluded that "when I put all that together, as I said, I don't think they're unnecessarily suggestive." (*Id.*)

Upon reviewing the photo array, we find that the background of the photograph of Williams does appear to be darker. But as we held in *United States v. Mathis*, given the other differences in the photographs in the clothing and age of the individuals and given that at least three of the other photographs appear slightly dark, we hold that these

4

differences "did not significantly contribute to the array's unnecessary suggestiveness." 264 F.3d at 333 (3d Cir. 2001). Hence, the out-of-court and in-court identifications were admissible.

Second, Williams argues that the District Court erred in denying his motion for a new trial because the weight of evidence was insufficient to support the jury's verdict. Under Rule 33(a) of the Federal Rules of Criminal Procedure, "[a] district court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (internal quotation marks omitted). "An appellate court may reverse only if it finds the decision to be a clear abuse of [the district court's] discretion." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Contrary to Williams's argument, the identification testimony was not tainted and the witnesses' testimonies were not inaccurate or conflicting. In addition, the government submitted evidence of Williams's telephone conversations with his girlfriend, in which he discussed concerns regarding the video surveillance. The government also provided testimony from Daniel Barker about Williams's statements admitting to the robbery. The District Court did not abuse its discretion in failing to grant a new trial.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

5